### JENNIE MASSOLT v. MINNETONKA CASINO COMPANY.[1]

January 3, 1908.

Nos. 15,495—(146).

Action in the district court for Hennepin county to recover $1,010. The case was tried before Frederick V. Brown, J., and a jury which returned a verdict in favor of plaintiff for $210. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Freeman P. Lane*, for appellant.

*R. L. Penney*, for respondent.

PER CURIAM.

Defendant and appellant states the facts in this case substantially as follows: The defendant is a corporation engaged in the business, among other things, of transporting passengers for hire upon its steamer "White Flyer" on the waters of Lake Minnetonka. On July 4, 1906, while such steamer was on one of its trips, it "put in" at Tonka Bay for the purpose of taking such passengers as might desire to go on the trip around the upper lake. At the landing-place at Tonka Bay there is a wharf or dock extending from the shore out over the water for a distance of from seventy five to one hundred feet, which wharf or dock was not owned or leased by the appellant, but it was the custom of appellant to land at such wharf or dock whenever there were passengers who desired to board the "White Flyer." On that day the respondent and her sister, then at the Tonka Bay hotel which is located at Tonka Bay, went from the hotel down to the wharf in question for the purpose of boarding the boat. As they approached the end of the wharf where it rested on the land, the steamer touched the wharf and one of its officers or employees called "all aboard." Plaintiff-respondent and her sister hurried toward the boat and when on the wharf and near the point where the steamer was standing to receive passengers, a plank or board which formed a part of the floor of the wharf broke or gave way. The respondent's leg passed through the hole so made in the plank whereby she sustained the injuries which form the basis of this action. The jury returned a verdict of $210 for plaintiff. Defendant moved for a new trial and took this appeal from the order denying that motion.

Defendant admits that the verdict is not contrary to the evidence and that if the case should have been submitted to the jury there are sufficient facts on which to base a verdict. Nevertheless his motion was for a new trial and not for judgment notwithstanding the verdict. We are clearly of the opinion

[1] Reported in 114 N. W. 1132.

that there was sufficient evidence to sustain the verdict and that the case should have been, and was, properly submitted to the jury.

The plaintiff was a passenger in the sense that she was entitled to the exercise of reasonable care on the part of the carrier in providing suitable and safe accommodations for the landing and discharge of passengers. The trial court properly, in effect, held the mere fact that the defendant did not own the wharf to be no defense. The court charged the jury that if they found that "although the plaintiff fell through this hole in the wharf and sustained the injuries complained of, that notwithstanding the defendant did use all reasonable means to keep the wharf in a safe condition, and did inspect it and supervise it, and see that it was maintained in that condition, then your verdict will be for the defendant, notwithstanding you may believe that the plaintiff sustained injuries there." This was as favorable to defendant as the law permits.

There was no reversible error in the refusal of the court to permit the defendant to show the prejudice and bias of one of plaintiff's witnesses. The testimony of that witness tended to show actual notice to the defendant of the defective condition of the wharf. Proof of actual notice was not required. His testimony was cumulative only. There was an abundance of other evidence sufficient to prove the notice required by law. The reception of that evidence, if error, was without prejudice. Affirmed.